**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 11, 2019

Via ECF
Honorable Debra Freeman
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *ASPCA v. Animal and Plant Health Inspection Service et al.*, 18 Civ. 4559 (GBD) (DF)

Dear Judge Freeman:

This Office represents Defendants the Animal and Plant Health Inspection Service and the U.S. Department of Agriculture (together, "Defendants" or the "Agencies") in the above-referenced case brought by Plaintiff the American Society for the Prevention of Cruelty to Animals ("ASPCA") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. I write respectfully in response to the ASPCA's letter dated March 7, 2019. *See* Dkt. No. 45 ("ASPCA Ltr.").

The ASPCA has requested a settlement conference with Your Honor, following a referral by Judge Daniels. However, following multiple conferrals between the parties, it is evident to the Agencies that a settlement conference will not be fruitful in resolving outstanding issues in this matter, and would thus be a waste of the Court's and the parties' resources. Additionally, the ASPCA's proposed conference falls outside the scope of the Judge Daniels' reference, which he outlined at a status conference in November 2018. Accordingly, and as further set out below, the ASPCA's request should be denied.

**1. A Settlement Conference Would Not Be Productive Given the Parties' Positions; Moreover, the ASPCA's Request Exceeds the Scope of the Reference**

The remaining legal issues in this case are narrow: they concern the Agencies' withholding of the names, home and/or business addresses, and other personally identifying information of Animal Welfare Act licensees and of third parties whose names appear in agency records responsive to the ASPCA's FOIA requests in this matter, pursuant to FOIA privacy exemptions 6 and 7(C), 5 U.S.C. §§ 552(b)(6) and (b)(7)(C). The ASPCA challenges the Agencies' redactions, contending that "no privacy interest exists" in individual licensees' names. ASPCA Ltr. at 1.

It is therefore plain that further litigation will be necessary to resolve legal issues under FOIA, as this central issue cannot be resolved through settlement. While the ASPCA posits that there may be "room for clarification of and further progress" on certain "ancillary issues"—including other personally identifying information such as licensees' license numbers and third

parties' names and addresses, *see id.* at 1-2—the Agencies cannot "settle" any of the remaining legal issues under FOIA, which concern the privacy interests of third parties pursuant to statutory exemptions from release.

Moreover, after multiple conferrals, Defendants see no reasonable possibility that further talks could provide meaningful progress. Accordingly, no judicially supervised settlement discussion would be useful. *See, e.g.*, *Fleming v. Medicare Freedom of Info. Grp.*, 310 F. Supp. 3d 50, 53 (D.D.C. 2018) (in FOIA case, concluding that "[j]udicially-supervised settlement discussions would not be an efficient use of judicial resources at this time, when Plaintiff can communicate her settlement positions to Defendants without the participation of a judge or other mediator, Defendants do not see the need for judicial involvement in any settlement discussions, and Defendants plan to [move] for summary judgment at the earliest opportunity.").

Additionally, the ASPCA's request falls outside the scope of Judge Daniels' reference to Your Honor for settlement discussions. At the November 2018 conference, Judge Daniels expressly indicated that the purpose of any settlement conference would *not* be to "debate with the magistrate judge [the parties'] legal position[s]." Dkt. No. 41, Transcript of Proceedings on Nov. 29, 2018 ("Nov. 2018 Tr."), at 36:12-16. Instead, the Court instructed the parties to explore the possibility that the ASPCA might, in settlement, be willing *waive* its challenges to the Agencies' FOIA privacy redactions in exchange for receiving other *nonexempt* information, *see id.* at 27:21-28:4, 32:12-19, 36:5-9. This, of course, would not include the redacted names, addresses, and other information that the ASPCA highlights in its letter.[1]

Given these circumstances, Defendants respectfully submit that a settlement conference would not be productive, and that the ASPCA's request falls outside of the scope of the reference for settlement. The Court should accordingly deny the ASPCA's request.

**2. Summary Judgment Is the Appropriate Framework to Resolve the Remaining Dispute**

As Defendants have noted in their previous submissions, summary judgment is the appropriate mechanism for resolving the parties' legal dispute concerning the information withheld by the Agencies in response to the ASPCA's requests. *See, e.g.*, *ACLU v. DOJ*, 229 F. Supp. 3d 259, 263 (S.D.N.Y. 2017) (motions for summary judgment are the "preferred procedural vehicle for resolving FOIA disputes," based on agency declarations that "describe the justifications for nondisclosure" under applicable FOIA exemptions); *see also Hadden v. Bureau of Prisons*, No. 07 Civ. 8586 (DF), 2008 WL 5429823, at *4 (S.D.N.Y. Dec. 22, 2008) ("Summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is the vehicle by which most FOIA actions are resolved." (quoting *Associated Press v. U.S. Dep't of Justice*,

---

[1] The ASPCA's reliance on Judge Daniels' use of a form order referring this matter to Your Honor for settlement is unpersuasive in light of Judge Daniels' specific instructions regarding the Court's intended purpose of the settlement discussions. *See* Nov. 2018 Tr. at 36:5-9, 36:12-16; *see also* ASPCA Ltr. at 2 (citing Dkt. No. 37 (order of reference)).

No. 06 Civ. 1758 (LAP), 2007 WL 737476, at *3 (S.D.N.Y. Mar. 7, 2007), *aff'd*, 549 F.3d 62 (2d Cir. 2008)) (internal quotation marks omitted)).

Judge Daniels directed that if the parties did not reach a compromise, "the legal arguments" regarding the FOIA withholdings "should be made in a summary judgment motion." Nov. 2018 Tr. at 36:21-22; *see also id.* at 29:23-30:6. Indeed, in such a case, Judge Daniels instructed that the parties should "agree upon a motion schedule and see if that motion schedule will have the motion fully submitted before" the next scheduled hearing before Judge Daniels in April 2019. *See id.* at 38:17-19. Accordingly, because further settlement discussions will not be fruitful, the case should now proceed to briefing on the outstanding legal issues.

**3. The ASPCA's Request in the Alternative to Seek Discovery Should Be Denied**

Last, the ASPCA states that it plans to seek discovery "[i]f the Court is disinclined to hold a settlement conference." ASPCA Ltr. at 3. But the ASPCA's request is inappropriate both pursuant to applicable FOIA precedent and in light of the record of the proceedings here.

The law under FOIA is clear that as long as an agency's declaration on summary judgment "'gives reasonably detailed explanations why any withheld documents fall within an exemption,' the burden of proof will be satisfied and summary judgment is appropriate *without discovery*." *Estate of Ghais Abduljaami v. U.S. Dep't of State*, No. 14 Civ. 7902 (RLE), 2016 WL 94140, at *2 (S.D.N.Y. Jan. 7, 2016) (emphasis added) (quoting *Carney v. DOJ*, 19 F.3d 807, 812 (2d Cir. 1994)) (brackets omitted). Moreover, discovery under FOIA may be ordered only after the completion of summary judgment briefing, and only then if the Government's submissions are found to be "inadequate" or the plaintiff "make[s] a showing of bad faith." *Carney*, 19 F.3d at 812-13; *see Taylor v. Babbitt*, 673 F. Supp. 2d 20, 23 (D.D.C. 2009) (even in "the exceptional case in which a court permits discovery in a FOIA action, such discovery should *only occur after the government has moved for summary judgment*" (emphasis added)).

Here, the ASPCA requested that Judge Daniels implement a discovery schedule before the initial conference in August 2018. *See* Dkt. No. 28 (ASPCA request for discovery). Defendants objected to ASPCA's request for discovery as inappropriate. *See* Dkt. No. 27 (Agencies' letter). At the initial conference, Judge Daniels declined to order a discovery schedule. Dkt. No. 31, Transcript of Proceedings on August 9, 2018 ("Aug. 2018 Tr."), at 16:7-9; *see* Dkt. No. 30 (order denying ASPCA's request "as moot in light of the discussions held on the record"). Indeed, Judge Daniels questioned what discovery could be appropriate regarding an agency's FOIA withholdings, because under FOIA, "[e]ither [the agency is] entitled to withhold the document or they're not entitled to withhold it." Aug. 2018 Tr. at 5:20-6:4; *see Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1226 (10th Cir. 2007) ("Whether a FOIA exemption justifies withholding a record is a question of law."). And, of course, a party cannot seek to use discovery to obtain the information ultimately at issue in the FOIA litigation. *See* Aug. 2018 Tr. at 4:22-5:1; *see also Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (in FOIA cases, any "discovery is limited because the underlying case revolves around the propriety of revealing certain documents").

After the Agencies completed a review of certain withholdings, the ASPCA next made a more limited request for discovery, seeking only initial disclosures and the production of an

agency declaration before summary judgment. *See* Dkt. No. 36 (ASPCA Nov. 27 letter). Once again, the Agencies objected to the ASPCA's discovery request and argued that summary judgment briefing is the appropriate vehicle to resolve the remaining legal disputes. *See* Dkt. No. 35 (Agencies' Nov. 27 letter).

At the November 2018 conference, Judge Daniels expressly denied the ASPCA's request to require the Agencies to produce a declaration before summary judgment, Nov. 2018 Tr. at 36:10-11, and did not take up the ASPCA's request to require initial disclosures. Instead, as noted above, Judge Daniels adopted the government's suggestion that summary judgment on the legal issues is the appropriate way forward in the litigation. *See id.* at 36:17-22; *see also id.* at 38:10-12. In its application to Your Honor, the ASPCA now attempts to make an end-run around Judge Daniels' determination that the appropriate next phase of this matter is summary judgment briefing, not discovery. [2]

Accordingly, the Court should reject the ASPCA's request to seek discovery, which is improper both under the law of FOIA and in light of the prior proceedings in this matter.

* * *

For the foregoing reasons, Defendants respectfully submit that the Court should (1) decline the ASPCA's request to schedule a settlement conference, and (2) deny the ASPCA's request to seek discovery in this FOIA matter.

Thank you for your consideration of this letter.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: /s/ Samuel Dolinger
SAMUEL DOLINGER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2677
E-mail: samuel.dolinger@usdoj.gov

cc: Counsel of record (via ECF)

---

[2] To the extent the ASPCA relies on Judge Daniels' form referral of the case to Your Honor for general pretrial supervision as a basis for reopening its request to seek discovery, *see* ASPCA Ltr. at 2 (citing Dkt. No. 37 (order of reference)), this, too, is unconvincing given the prior proceedings set out above.