

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 25, 2019

<u>Via ECF</u>
Honorable Debra Freeman
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *ASPCA v. Animal and Plant Health Inspection Service et al.*, 18 Civ. 4559 (GBD) (DF)

Dear Judge Freeman:

       This Office represents Defendants the Animal and Plant Health Inspection Service and the U.S. Department of Agriculture (together, "Defendants" or the "Government") in the above-referenced case brought by Plaintiff the American Society for the Prevention of Cruelty to Animals ("ASPCA") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  I write respectfully in opposition to the ASPCA's letter motion for discovery dated March 22, 2019.  *See* Dkt. No. 48 ("ASPCA Ltr.").

       The Court should deny the ASPCA's request for discovery in this FOIA matter.  Discovery is both disfavored and rare in FOIA matters, as demonstrated by the great weight of the case law.  Moreover, discovery is particularly inappropriate at this stage of a FOIA case, before the Government has had an opportunity to defend its withholdings in a motion for summary judgment supported by an agency declaration.

       The vast weight of precedent under FOIA is contrary to each of the ASPCA's arguments, and the few cases the ASPCA cites are not to the contrary.  Additionally, the ASPCA has made analogous requests for discovery to Judge Daniels in past filings, and he has declined to grant them.[1]  Instead, Judge Daniels contemplated that this case would (if not resolved through settlement) next proceed to summary judgment briefing on Defendants' FOIA withholdings.  Finally, the ASPCA's allegations of bad faith are meritless and should be rejected as a matter of law.

       For all these reasons, the ASPCA's letter motion for discovery should be denied.

---

[1] The Government disputes the ASPCA's characterization of the record on numerous points, as the ASPCA's letter contains misstatements of fact and law as well as selective quotations of the record of proceedings.  However, most of those points are immaterial to the ASCPA's application for discovery, which fails as a matter of law for the reasons set out herein.  Accordingly, the Government includes reference only to those portions of the record that are material to this application.

### 1.  The ASPCA's Request for Discovery Here Is Inappropriate Under FOIA

The ASPCA's request is inappropriate both pursuant to applicable FOIA precedent and in light of the history of the proceedings here.

The Government intends to defend its FOIA responses and withholdings through summary judgment briefing and an accompanying agency declaration.  Agency declarations are "accorded a presumption of good faith."  *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 489 (2d Cir. 1999) (internal quotation marks omitted).  As long as an agency's declaration "'gives reasonably detailed explanations why any withheld documents fall within an exemption,' the burden of proof will be satisfied and summary judgment is appropriate *without discovery*." *Estate of Ghais Abduljaami v. U.S. Dep't of State*, No. 14 Civ. 7902 (RLE), 2016 WL 94140, at *2 (S.D.N.Y. Jan. 7, 2016) (quoting *Carney v. DOJ*, 19 F.3d 807, 812 (2d Cir. 1994)) (emphasis added) (brackets omitted).

"[D]iscovery of any type is generally not allowed in FOIA proceedings."  *Pinson v. DOJ*, 55 F. Supp. 3d 80, 82 (D.D.C. 2014); *accord Wolf v. CIA*, 569 F. Supp. 2d 1, 9 (D.D.C. 2008); *accord Freedom Watch v. Bureau of Land Mgmt.*, 220 F. Supp. 3d 65, 68 (D.D.C. 2016) (discovery is "both rare and disfavored" in FOIA actions); *see also Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 962 F. Supp. 2d 472, 478 (E.D.N.Y. 2013) ("discovery is not favored in lawsuits under the FOIA" (brackets and quotation marks omitted)), *aff'd*, 811 F.3d 542 (2d Cir. 2016); *Justice v. IRS*, 798 F. Supp. 2d 43, 47 (D.D.C. 2011) ("In FOIA actions . . . discovery is disfavored."), *aff'd*, 485 F. App'x 439 (D.C. Cir. 2012) (unpublished); *Harrison v. Fed. Bureau of Prisons*, 681 F. Supp. 2d 76, 80 (D.D.C. 2010) (same); *Thomas v. Dep't of Health & Human Servs.*, 587 F. Supp. 2d 114, 115 n.2 (D.D.C. 2008) (discovery is "an extraordinary procedure" in a FOIA case); *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

Indeed, "[m]otions for discovery are rarely allowed in FOIA cases" for good reason: "because discovery requests in these cases threaten to turn FOIA on its head, awarding plaintiff the very remedy that it seeks through its lawsuit."  *Hall & Assocs. LLC v. U.S. Envtl. Prot. Agency*, 315 F. Supp. 3d 519, 546 (D.D.C. 2018) (citation, alterations, and internal quotation marks omitted); *accord Freedom Watch*, 220 F. Supp. 3d at 68.

At the least, discovery is "inappropriate" until after "the government has first had a chance to provide the court with the information necessary to make a decision on the applicable exemptions."  *Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993); *accord Taylor v. Babbitt*, 673 F. Supp. 2d 20, 23 (D.D.C. 2009) ("in the exceptional case in which a court permits discovery in a FOIA action, such discovery should only occur *after the government has moved for summary judgment*") (emphasis added)); *Rivera v. FBI*, No. 12 Civ. 4174 (PGS), 2013 WL 6528808, at *2 (D.N.J. Dec. 12, 2013) ("In a FOIA case, a court can only determine the need for discovery after the defending agency files its dispositive motion and supporting affidavits.").  It is premature to seek discovery in a case like this one, where "the government has not yet moved for summary judgment—and therefore has not submitted any declarations setting forth details related to its search for documents responsive to" the request, or to explain the agency's

withholdings.  *Cole v. Rochford*, 285 F. Supp. 3d 73, 77-78 (D.D.C. 2018) (denying pre-summary judgment request for discovery).[2]

In the face of overwhelmingly contrary law, the ASPCA cites only inapposite cases, and misleadingly omits their procedural posture.  *See* ASPCA Ltr. at 8.  In three of the four cases that the ASPCA cites, the court permitted discovery *only after the agency had moved for summary judgment*, after the court concluded that a factual dispute remained or that the agency declarations were insufficient.  *See Schaffer v. Kissinger*, 505 F.2d 389, 391 (D.C. Cir. 1974); *Londrigan v. FBI*, 670 F.3d 1164, 1174-75 (D.C. Cir. 1981); *MacLean v. U.S. Dep't of Def.*, No. 04 Civ. 2425, 2005 WL 628021, at *1 (S.D. Cal. Mar. 16, 2005); *see also Murphy v. FBI*, 490 F. Supp. 1134, 1136 (D.D.C. 1980) (distinguishing *Schaffer* and holding that it is a "self-evident principle" that "a factual issue that is properly the subject of discovery can arise only after the government files its affidavits and supporting memorandum of law" in a FOIA case).  And in *Families for Freedom v. CBP*, the Court permitted discovery only after *granting* the plaintiff's motion for summary judgment, upon concluding that the agency's search for responsive records—as set out in a number of agency declarations—was inadequate. 837 F. Supp. 2d 331, 336-37 (S.D.N.Y. 2011).  Here, there is no agency declaration yet in the record, and the Government has not yet moved for summary judgment.  Thus, the ASPCA's case citations only serve to confirm the improper nature of its request.

Finally, the ASPCA's request for initial disclosures under Rule 26(a) should also be denied.  In advance of the initial conference, Government objected to the ASPCA's request for Rule 26(a) disclosures, submitting that pursuant to Rule 26(a)(1)(B)(i) and (f)(1) of the Federal Rules of Civil Procedure, this action is exempt from initial disclosures and the Rule 26(f) conference and report.  *See* Dkt. No. 27 (Government's letter dated Aug. 2, 2018).  Judge Daniels did not order initial disclosures at the conference, and instead denied the ASPCA's letter motion for discovery as moot in light of the discussions on the record.  Dkt. No. 30.

What is more, as the ASPCA points out, the U.S. District Court for the District of Columbia has exempted FOIA cases from initial disclosures and initial conferences.  *See* D.D.C. Local Civil Rules 16.3(b), 26.2(a)(9).  And it did so for precisely the reasons urged by the Government here: because "Freedom of Information Act actions . . . are actions that *typically do not require discovery* or [are] *actions in which an initial disclosure requirement would not make sense*."  D.D.C. Local Civil Rules, cmt. to Rule 16.3(b) (emphases added).  Because no discovery is appropriate here for the reasons set out above, initial disclosures would also be unnecessary even were this action not exempted under Rule 26(a)(1)(B)(i).  The Court should accordingly reject the ASPCA's request under Rule 26(a)(1)(A) (initial disclosures unnecessary

---

[2] Even in cases where courts conclude that an agency's affidavits are "deficient" at summary judgment, "courts generally do not grant discovery but instead direct the agency to supplement its affidavits."  *Beltranena v. Clinton*, 770 F. Supp. 2d 175, 187 (D.D.C. 2011) (internal quotation marks omitted); *accord Freedom Watch*, 220 F. Supp. 3d at 70 ("Even if . . . the Court concluded that [agency] declarations were insufficient, discovery would not be the remedy of first resort," and instead the court could "request that the agency supplement its supporting declarations" (internal quotation marks omitted)).

in proceedings "exempted by Rule 26(a)(1)(B) *or as otherwise . . . ordered by the court*" (emphasis added)).[3]

Because the Government has not yet had the opportunity to make its submissions in support of summary judgment, the ASPCA's request for discovery in this FOIA matter should be denied. *See Carney*, 19 F.3d at 812-13.

### 2. Judge Daniels Did Not Act on the ASPCA's Prior Requests for Discovery, and Instead Indicated That the Case Should Proceed to Summary Judgment

As noted previously, the ASPCA first requested that Judge Daniels implement a discovery schedule before the initial conference in August 2018. *See* Dkt. No. 28 (ASPCA request for discovery dated Aug. 2, 2018). Defendants objected to ASPCA's request for discovery as inappropriate under FOIA. *See* Dkt. No. 27 (Government's letter dated Aug. 2, 2018). At the initial conference, Judge Daniels declined to order a discovery schedule. Dkt. No. 31, Transcript of Proceedings on August 9, 2018 ("Aug. 2018 Tr."), at 16:7-9; *see* Dkt. No. 30 (order denying ASPCA's request "as moot in light of the discussions held on the record"). Indeed, Judge Daniels questioned what discovery could be appropriate regarding an agency's FOIA withholdings, because under FOIA, "[e]ither [the agency is] entitled to withhold the document or they're not entitled to withhold it." Aug. 2018 Tr. at 5:20-6:4; *see Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1226 (10th Cir. 2007) ("Whether a FOIA exemption justifies withholding a record is a question of law."). And, of course, a party cannot seek to use discovery to obtain the information ultimately at issue in the FOIA litigation. *See* Aug. 2018 Tr. at 4:22-5:1; *see also Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (in FOIA cases, any "discovery is limited because the underlying case revolves around the propriety of revealing certain documents").

After the Government completed a review of certain withholdings, the ASPCA next made a more limited request for discovery, seeking only initial disclosures and the production of an agency declaration before summary judgment. *See* Dkt. No. 36 (ASPCA letter dated Nov. 27, 2018). Once again, the Government objected to the ASPCA's discovery request and argued that summary judgment briefing is the appropriate vehicle to resolve the remaining legal disputes. *See* Dkt. No. 35 (Government's letter dated Nov. 27, 2018).

At the November 2018 conference, Judge Daniels expressly denied the ASPCA's request to require the Government to produce a declaration before summary judgment, Dkt. No. 41, Transcript of Proceedings on Nov. 29, 2018 ("Nov. 2018 Tr.") at 36:10-11, and did not take up the ASPCA's request to require initial disclosures. Instead, as noted above, Judge Daniels adopted the government's suggestion that summary judgment on the legal issues is the appropriate way forward in the litigation, if a settlement were not reached. *See id.* at 36:17-22; *see also id.* at 38:10-12. In its application to Your Honor, the ASPCA now attempts to make an

---

[3] The Government notes that the ASPCA cites no FOIA case in this district where Rule 26(a) disclosures were required at this stage.

end-run around Judge Daniels' determination that the appropriate next phase of this matter is summary judgment briefing, not discovery. [4]

Accordingly, the Court should reject the ASPCA's request to seek discovery, which is improper both under the law of FOIA and in light of the prior proceedings in this matter.

### 3. The ASPCA's Allegations of Agency Bad Faith Are Without Merit

The ASPCA's claims that Defendants acted in bad faith in responding to its FOIA requests are meritless. The ASPCA "essentially asks the Court to presume bad faith" on the part of the Government, but this is precisely "the opposite of what the law instructs." *Conti v. U.S. Dep't of Homeland Sec.*, No. 12 Civ. 5827 (AT), 2014 WL 1274517, at *14 (S.D.N.Y. Mar. 24, 2014). Indeed, "[i]t is well established that the Government is entitled to a presumption of good faith" in its response to FOIA requests. *Adamowicz v. IRS*, 672 F. Supp. 2d 454, 464 (S.D.N.Y. 2009), *aff'd*, 402 F. App'x 648 (2d Cir. 2010) (summary order).

First, the ASPCA wrongly claims that the time it took for the Defendants to respond to their requests indicates bad faith.[5] *See* ASPCA Ltr. at 9-10. Numerous courts, in this circuit and elsewhere, have rejected this exact argument. "[I]t is settled law that delayed responses to FOIA requests do not, without more, establish bad faith." *Flores v. U.S. Dep't of Justice*, No. 15 Civ. 2627 (JMA), 2016 WL 7856423, at *13 (E.D.N.Y. Oct. 4, 2016), *report and rec. adopted*, 2017 WL 238425 (E.D.N.Y. Jan. 18, 2017) (collecting cases), *aff'd*, 712 F. App'x 107 (2d Cir. 2018) (summary order); *accord Goland v. CIA*, 607 F.2d 339, 355 (D.C. Cir. 1978) ("delay alone cannot be said to indicate an absence of good faith"); *Amnesty Int'l USA v. CIA*, No. 07 Civ. 5435 (LAP), 2008 WL 2519908, at *9 (S.D.N.Y. June 19, 2008) ("Nor is the Government's delay in responding to the Request evidence of bad faith."). Indeed, "mere delay in responding to a FOIA request is routinely found to be insufficient to support a finding of bad faith, even in cases where the agency delay is considerably longer than [a] year-long delay." *Chase v. U.S. Dep't of Justice*, 301 F. Supp. 3d 146, 158 (D.D.C. 2018) (collecting cases); *accord Thomas v. U.S. Dep't of Justice*, 531 F. Supp. 2d 102, 109 (D.D.C. 2008) (concluding that three-year delay did not indicate bad faith); *see McLean on Behalf of J.N.M. v. SSA*, No. 17 Civ. 6978 (CM) (KHP), 2019 WL 1074273, at *5 (S.D.N.Y. Mar. 6, 2019) (report and recommendation, adopted as opinion of the Court) ("An agency's initial delay in responding to a FOIA request—even delays of several years—is not evidence of bad faith.").

Second, the ASPCA incorrectly asserts that Defendants' release of additional documents after the commencement of the litigation is evidence of bad faith. ASPCA Ltr. at 9. This argument, too, has been expressly rejected. Courts have "declined to find subsequent disclosure

---

[4] To the extent the ASPCA relies on Judge Daniels' form referral of the case to Your Honor for general pretrial supervision as a basis for reopening its request to seek discovery, *see* ASPCA Ltr. at 6, this, too, is unconvincing given the law under FOIA and the prior proceedings set out above.

[5] As the ASPCA conceded in its complaint, however, Defendants had responded to all five of the FOIA requests at issue and produced hundreds of responsive pages, all before this suit was filed. *See* Dkt. No. 10 (Compl.) ¶¶ 54-58 & Ex. F-J.

as evidence of bad faith" in FOIA cases; to "to effectively penalize an agency" for subsequent disclosures would perversely "creat[e] an incentive against disclosure." *Pub. Citizen v. Dep't of State*, 276 F.3d 634, 645 (D.C. Cir. 2002) (internal quotation marks omitted); *accord Meeropol v. Meese*, 790 F.2d 942, 952-53 (D.C. Cir. 1986) (rejecting a parallel argument and holding that "if the release of previously withheld materials were held to constitute evidence of present 'bad faith,' similar evidence would exist in every FOIA case involving additional releases of documents after the filing of the suit." (internal quotation marks omitted)); *Nat'l Inst. of Military Justice v. U.S. Dep't of Def.*, 404 F. Supp. 2d 325, 333 (D.D.C. 2005) ("subsequent disclosure of documents initially withheld does not alone establish bad faith"), *aff'd*, 512 F.3d 677 (D.C. Cir. 2008); *see also Conti*, 2014 WL 1274517, at *15 ("many courts have rejected the argument that the discovery of additional documents or later discovery of missing files renders a search unreasonable or conducted in bad faith" (citing cases)). Accordingly, the Court should reject the premise of the ASPCA's argument, which would disincentivize agencies from conferring with FOIA requesters and producing additional records when appropriate, as Defendants did here. *Cf. Meeropol*, 790 F.2d at 953 (rejecting allegation of bad faith where evidence showed that the agency was "cooperating with [the requesters] by meeting with them repeatedly, responding to their inquiries, . . . and producing records when error was discovered").

Third, the ASPCA wrongly claims that Defendants have "refused to engage in good faith settlement negotiations." ASPCA Ltr. at 10. As an initial matter, the ASPCA improperly relies on confidential settlement communications[6] to make a specious claim of bad faith by the Government. The Court should reject the ASPCA's argument, which appears to rely on the absurd theory that because the Government did not agree to a settlement on the ASPCA's proposed terms, this fact constitutes evidence of Defendants' bad faith. The Government has consistently negotiated with the ASPCA in good faith, and the ASPCA's settlement offer remains unacceptable to the Government. Additionally, in making this claim, the ASPCA curiously contradicts its own prior submission to this Court, in which it asserted that the parties "have . . . conferred multiple times, attempting *in good faith* to further articulate and understand each other's factual and legal positions," in support of its request for a settlement conference. Dkt. No. 45 (ASPCA letter dated Mar. 7, 2019) (emphasis added).

For all these reasons, the Court should reject the ASPCA's claims of bad faith by Defendants, which are unsupported by the record and fail as a matter of law.

### 4. Summary Judgment Is the Appropriate Framework to Resolve the Remaining Dispute

The ASPCA's arguments are especially puzzling because it is the ASPCA's own dilatory conduct in the litigation—by repeatedly requesting discovery and seeking to forestall summary judgment—that has prevented the case from moving forward to a decision on the merits of the FOIA exemptions at issue here. In FOIA cases, it is through summary judgment submissions—supported by agency declarations—that the Government supports its FOIA withholdings. *See Carney*, 19 F.3d at 812.

---

[6] *See* Procedures Applicable to Cases Referred for Settlement to Magistrate Judge Debra Freeman, ¶ 1, http://nysd.uscourts.gov/cases/show.php?db=judge_info&id=11.

As noted above, summary judgment is the appropriate mechanism for resolving the parties' legal dispute concerning the information withheld by the Government in response to the ASPCA's requests. *See, e.g.*, *ACLU v. DOJ*, 229 F. Supp. 3d 259, 263 (S.D.N.Y. 2017) (motions for summary judgment are the "preferred procedural vehicle for resolving FOIA disputes," based on agency declarations that "describe the justifications for nondisclosure" under applicable FOIA exemptions); *see also Hadden v. Bureau of Prisons*, No. 07 Civ. 8586 (DF), 2008 WL 5429823, at \*4 (S.D.N.Y. Dec. 22, 2008) ("Summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is the vehicle by which most FOIA actions are resolved." (quoting *Associated Press v. U.S. Dep't of Justice*, No. 06 Civ. 1758 (LAP), 2007 WL 737476, at \*3 (S.D.N.Y. Mar. 7, 2007), *aff'd*, 549 F.3d 62 (2d Cir. 2008)) (internal quotation marks omitted)).

As noted previously, Judge Daniels directed that if the parties did not reach a compromise, "the legal arguments" regarding the FOIA withholdings "should be made in a summary judgment motion." Nov. 2018 Tr. at 36:17-22; *see also id.* at 29:23-30:6. Indeed, in such a case, Judge Daniels instructed that the parties should "agree upon a motion schedule and see if that motion schedule will have the motion fully submitted before" the next scheduled hearing before Judge Daniels in April 2019. *See id.* at 38:17-19. Accordingly, the appropriate next phase of the litigation is summary judgment.

\*     \*     \*

For all the reasons set out above, Defendants respectfully submit that the Court should deny the ASPCA's request to seek discovery in this FOIA matter.

Thank you for your consideration of this matter.

               Respectfully submitted,

               GEOFFREY S. BERMAN
               United States Attorney for the
               Southern District of New York

         By:  /s/ Samuel Dolinger
               SAMUEL DOLINGER
               Assistant United States Attorney
               86 Chambers Street, 3rd Floor
               New York, New York 10007
               Tel.: (212) 637-2677
               E-mail: samuel.dolinger@usdoj.gov

cc: Counsel of record (via ECF)