

Erin M. Estevez                                                    Via ECF and Hand Delivery
+1 202 728 7065
eestevez@cooley.com


March 26, 2019

Hon. Debra C. Freeman
United States Magistrate Judge
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 1310
New York, New York 10007

**Re: *ASPCA v. Animal and Plant Health Inspection Service, et al.*, No. 1:18-cv-04559-GBD-
DCF – ASPCA Reply In Support of Request for Initial Disclosures and Limited
Discovery**

Your Honor:

    This firm and the undersigned represent Plaintiff the American Society for the Prevention of Cruelty to Animals ("ASPCA") in the above-captioned action against Defendants the Animal and Plant Health Inspection Service and the United States Department of Agriculture (together, the "Agencies" or the "government"). On March 22, 2019, the ASPCA filed a letter requesting initial disclosures and targeted discovery from the Agencies prior to summary judgment briefing. Dkt. 48. The government responded in opposition on March 25, 2019. Dkt. 49. The ASPCA submits this brief reply in further support of its request.

    ***There is no* per se *rule against initial disclosures or discovery in FOIA cases.*** In the government's opposition to the ASPCA's request, it is unable to cite to a single binding rule or precedent prohibiting initial disclosures or pre-summary judgment discovery in FOIA proceedings. Dkt. 49 at 2-3. The case law upon which the government relies merely suggests that it is unusual. *Id*. Significantly, Judge Daniels previously contemplated that there may be a need for it in this case. *See* August 9, 2018 Tr. at 11:20-24 ("So, to the extent that you can't work it out, then if you think that there is further discovery that is necessary before summary judgment, or you think no further discovery is necessary before summary judgment, then you can make those arguments."); *id*. at 16:19-17:7 ("[Y]ou should give me a letter before [the next conference] telling me what you think the next step should be and it will either be some discovery before summary judgment motions or it will be summary judgment motion schedule …. And then you can articulate a basis for discovery that would resolve those issues, then I will consider that."). The ASPCA's request establishes why this is an exceptional case where initial disclosures and limited discovery are, in fact, appropriate. Dkt. 49 at 7-10.

    Unlike most FOIA actions, where the agency first explains the bases for its withholdings in a declaration attached to a summary judgment motion, here, issues ripe for discovery have



Hon. Debra C. Freeman
March 26, 2019
Page Two

already crystalized.  The government provided its only response to the ASPCA's multiple appeals post-litigation and, in recognition of the unusual nature of this case, the Court directed it to submit a *Vaughn* index *prior* to summary judgment.  Both the appeal response and the index raised a new basis for the government's application of privacy exemptions not raised in the Agencies' pre-litigation responses to the underlying FOIA requests, namely the Agencies' (unexplained) determination that some (unidentified) records are associated with (unnamed) licensees operating "homestead businesses."  The Agencies entirely fail to address this in their letter or challenge the notion that it is a material factual issue that is clearly disputed, belying the Agencies' position that this case is ripe for summary judgment.[1]

Targeted discovery on this topic is necessary and appropriate before summary judgment briefing begins, and the government provides no sound rationale as to why it should be delayed. The government's reliance on cases where discovery requests are disallowed because they seek the very documents previously withheld are inapposite, as the discovery that the ASPCA seeks is plainly not for that purpose.  *See* Dkt. 49 at 2 ("Indeed, '[m]otions for discovery are rarely allowed in FOIA cases' for good reason: 'because discovery requests in these cases threaten to turn FOIA on its head, awarding plaintiff the very remedy that it seeks through its lawsuit.'" (citations omitted)).  Similarly, because the Agencies' application of exemptions in this case relies upon factual findings, like the homestead business designation, initial disclosures will give the ASPCA notice of the witnesses and documents upon which the Agencies intend to rely, instead of allowing the Agencies to litigate by surprise at summary judgment.  The government has identified no authority to the contrary.

***The government's arguments against a finding of bad faith are unpersuasive.***  The Agencies defend their actions in responding to the ASPCA's FOIA requests and this litigation – arguing that the government continues to be entitled to a presumption of good faith – on the basis of a series of strawmen arguments.  Dkt. 49 at 5-6.  The ASPCA's letter did not suggest that the government had acted in bad faith on the basis of the government's delayed responses to the ASPCA's initial FOIA requests standing alone, its post-litigation release of additional documents, or its failure to agree to settlement on the ASPCA's terms.  *Id*.

Instead, it is the totality of the circumstances that constitutes evidence of the government's bad faith in this matter.  These circumstances *include* its (a) initial delay, (b) failure to respond to any of the ASPCA's timely appeals prior to litigation, (c) baseless assertion in its Answer that the ASPCA failed to exhaust administrative remedies, (d) failure to explain its complete policy reversal of a decade-long practice of releasing the same type of records unredacted, (e) submission

---

[1]   The Agencies also do not explain in their letter why they should not be required to update their *Vaughn* index to identify, by Bates number, the documents to which they claim the homestead business designation applies.  This obvious deficiency should be remedied apart from the question of whether pre-summary judgment discovery is appropriate, to provide much-needed clarity to the Court and the ASPCA.



Hon. Debra C. Freeman
March 26, 2019
Page Three

of an appeal response post-litigation inserting a new basis for the redactions never before raised and that the Agencies continue to refuse to explain or even tie to specific documents, (f) subsequent release of information previously withheld with *no explanation* for the reversal of the Agencies' prior position on those items (as opposed to the subsequent release itself when new documents or errors are discovered, which the ASPCA agrees should be encouraged, *see id*. at 5-6), and (g) conduct during discussions with the ASPCA and the Court regarding whether a settlement conference would occur. *See* Dkt. 48 at 9-11. On this final point, the ASPCA's letter notes government counsel's claims during this telephone conference that he knew of no one at the Agencies with authority to settle this case – giving prior discussions concerning settlement on behalf of the Agencies the appearance of having been little more than disingenuous attempts to "check the box" of attempted settlement and to move on to summary judgment. The government's letter does not dispute these events, nor does it offer an alternative "good faith" explanation for its conduct. While the government unquestionably enjoys a presumption of good faith at the outset, it has forfeited that presumption in light of its pattern of behavior in handling the ASPCA's FOIA requests both before and after the commencement of this litigation.

*The government's letter confirms that Judge Daniels has not ruled against pre-summary judgment initial disclosures or discovery.* The government's description of the proceedings to date make it clear that Judge Daniels has only previously deferred the ASPCA's prior requests for initial disclosures and pre-summary judgment discovery, never denying them on their merits or foreclosing the possibility at the appropriate time. Dkt. 49 at 4-5; *see also* Dkt. 48 at 2-6.

\*     \*     \*     \*

The ASPCA's request for discovery is narrow, focused solely on a material factual issue in dispute, and made only after the government rebuffed the ASPCA's repeated attempts to obtain the same information informally. Furthermore, initial disclosures are appropriate in light of the unusual factual nature of the bases for the government's withholdings. Thus, the ASPCA respectfully requests that the Court grant the ASPCA's March 19, 2019 request for targeted discovery on the homestead businesses designation and initial disclosures. We thank the Court for its consideration.



Hon. Debra C. Freeman
March 26, 2019
Page Four

Respectfully submitted,

COOLEY LLP

*/s/ Erin M. Estevez*

Erin M. Estevez (*admitted pro hac vice*)
1299 Pennsylvania Ave.
Suite 700
Washington, D.C. 20004
Phone: (202) 728-7065
Fax: (202) 842-7899
eestevez@cooley.com

Kaitland M. Kennelly (KK-9574)
1114 Avenue of the Americas
New York, New York 10036
Phone: (212) 479-6643
Fax: (212) 479-6275
kkennelly@cooley.com

and

Jennifer H. Chin (JC-6317)
Robert G. Hensley (*admitted pro hac vice*)
Tamara Y. Feliciano (*admitted pro hac vice*)
ASPCA
520 8th Avenue, 7th Floor
New York, New York 10018
Phone: (212) 876-7700
jennifer.chin@aspca.org
robert.hensley@aspca.org
tamara.feliciano@aspca.org

cc: Counsel of record (via ECF)