

Erin M. Estevez  
+1 202 728 7065  
eestevez@cooley.com

Via ECF and Hand Delivery

August 1, 2019

Hon. George B. Daniels  
United States District Judge  
U.S. District Court for the Southern District of New York  
500 Pearl Street, Room 1310  
New York, New York 10007

Re: *ASPCA v. Animal and Plant Health Inspection Service, et al.*, No. 1:18-cv-04559 –  
Response to Government's Request for Adjournment of Briefing Schedule to Permit Release of Additional Information

Your Honor:

    The undersigned represent Plaintiff the American Society for the Prevention of Cruelty to Animals ("ASPCA") in the above-captioned action against Defendants the Animal and Plant Health Inspection Service and the United States Department of Agriculture (together, the "Agencies" or the "government"). I submit this letter in response to the government's Request for Adjournment of Briefing Schedule to Permit Release of Additional Information. For the reasons stated below, the ASPCA opposes the government's request.

    This is the government's *third* request in as many months for an extension of the summary judgment briefing schedule. Most recently, on June 24, 2019, the government sought additional time in order to make a decision concerning whether to file an appeal of the decision rendered in *Humane Society v. APHIS*, No. 18 Civ. 646, 2019 WL 2342949 (D.D.C. June 3, 2019) (hereinafter the "HSUS Decision"). The ASPCA opposed that request on the basis that the government's litigation strategy concerning an out-of-circuit district court decision did not justify further delay in the instant case. Furthermore, the ASPCA noted its concern that the government's request was simply a prelude to further delay, and respectfully asked the Court to consider the likelihood that the government was seeking that extension to buy time before filing another request to extend the briefing schedule.

    This is precisely what has happened. At the eleventh hour – *two days* before the Agencies' opening brief is due – the government seeks a third extension, now proposing that it be given time to "reprocess the records responsive to the FOIA requests at issue in this case." While the government states that it "*expects*" this reprocessing will "narrow the issues presented for litigation," the government has provided neither the Court nor the ASPCA any basis for confidence that this, in fact, will be the result. When asked what additional information the Agencies planned to release, government counsel replied that he did "not have additional information that I can share



Hon. George B. Daniels
August 1, 2019
Page Two

about the release." At the outset of this litigation, the government also requested a period in which to reexamine its withholdings. However, at that time, the government specifically identified the exemptions it would reconsider and described the factors that would guide its reexamination. *See* Dkt. No. 27. Now, the government seeks additional time to reprocess the records, but refuses to disclose any such information. Furthermore, government counsel continues to decline to indicate whether the government plans to appeal the HSUS Decision. As such, the government now seeks to delay briefing in this case, for at least three additional months, while refusing to say, even in general terms, the exemptions it is reviewing, the type or extent of the information it might release, or whether it might still appeal the ruling which the government expressly identifies as the basis for its desire to undertake this reprocessing.

The ASPCA respectfully asks the Court to deny the government's request. If the government believes that the issues in this case can be narrowed based on the HSUS Decision, it should simply so state in its briefing and identify the types of information contained in the records – whether that be licensees' names, license numbers, business addresses, *etc.* – that it no longer contends it must withhold under the exemptions it is asserting. Such a statement would remove these issues from contention and do so in a far more efficient manner that would not require delaying briefing again by an undefined amount of time. This approach is particularly appropriate here where the FOIA requests were nearly identical, the records produced were substantially similar, and the Agencies applied exemptions *categorically* to the records responsive to each FOIA request. *See* Dkt. No. 35, Vaughn Index (applying exemptions, not to individual records, but categorically to hundreds of pages of documents).

No further extension of the briefing schedule in this case is warranted. However, if the Court is inclined to extend the schedule at all, the ASPCA respectfully requests that Your Honor extend each of the filing deadlines in the current briefing schedule for no more than one week.

We thank the Court for its consideration.

Cooley LLP   1299 Pennsylvania Avenue, NW, Suite 700   Washington, DC   20004-2400
t: (202) 842-7800  f: (202) 842-7899  cooley.com

# Cooley

Hon. George B. Daniels
August 1, 2019
Page Three

Respectfully submitted,

COOLEY LLP

/s/ Erin M. Estevez

Erin M. Estevez (*admitted pro hac vice*)
Bonnie Weiss McLeod (*admitted pro hac vice*)
1299 Pennsylvania Ave.
Suite 700
Washington, D.C. 20004
Phone: (202) 728-7065
Fax: (202) 842-7899
eestevez@cooley.com
bweissmcleod@cooley.com

Kaitland M. Kennelly (KK-9574)
55 Hudson Yards
New York, New York 10001-2157
Phone: (212) 479-6643
Fax: (212) 479-6275
kkennelly@cooley.com

and

Jennifer H. Chin (JC-6317)
Robert G. Hensley (*admitted pro hac vice*)
Tamara Y. Feliciano (*admitted pro hac vice*)
ASPCA
520 8th Avenue, 7th Floor
New York, New York 10018
Phone: (212) 876-7700
jennifer.chin@aspca.org
robert.hensley@aspca.org
tamara.feliciano@aspca.org

*Counsel for the ASPCA*

cc: Counsel of record (via ECF)